OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.
Petitioner is the owner of rental property subject to the Emergency Tenant Protection Act (ETPA) (L 1974, ch 576, § 4), which is administered by respondent Division of Housing and Community Renewal (DHCR). After a formal tenant complaint, a DHCR District Rent Administrator on January 23, 1987 ordered petitioner to make seven repairs within 30 days and directed a rent reduction pursuant to the Emergency Tenant Protection Regulations (9 NYCRR 2503.4) until compliance was demonstrated, warning that failure to comply could result in "additional penalties.”
In early 1989, the tenants filed an affidavit of noncompliance, prompting an inspection. Petitioner claimed the violations had been corrected, but by letter dated November 13, 1989, DHCR advised him that this was not the case. Petitioner was notified of a noncompliance hearing to be held November 17, 1989, and that he could be subject to a civil penalty of "at least $250.00” for "each offense.”
Following the hearing, DHCR’s Rent Commissioner found petitioner had made some, but not all, of the repairs mandated by the 1987 order and imposed a penalty of $3,000— $1,000 for violating the order to make four repairs (at $250 for *884 each violation) and $2,000 for the additional two years during which the conditions continued. The order warned that "any further violation of the orders or any part thereof shall result in a civil penalty of $1,000.00 for each such violation,” and that "each day each violation continues may constitute a separate violation.”
Petitioner commenced this CPLR article 78 proceeding seeking annulment of the agency’s determination or reduction of the penalty. The Appellate Division reduced the fine to $1,000, ruling that DHCR could not impose more than a $250 fine for each of the four violations of the order. DHCR appealed to this Court, contending that it was within the agency’s authority to impose the cumulative fines. We agree with the Appellate Division that passage of time alone did not operate to create a new offense supporting the cumulative fines.
ETPA § 12 (a) (3) (i) (McKinney’s Uncons Laws of NY § 8632 [a] [3] [i]), pursuant to which DHCR imposed the penalty on petitioner, states that if an owner is found by the Commissioner
"to have violated an order of the division the commissioner may impose by administrative order after hearing, a civil penalty in the amount of two hundred and fifty dollars for the first such offense and one thousand dollars for each subsequent offense.” (See also, 9 NYCRR 2506.2 [c] [i].)
Under the plain language of the statute on which DHCR based its order, an "offense” arises only upon a determination after a hearing that an agency order has been violated. A first offense subjects the owner to a civil penalty of $250, while "each subsequent offense” may result in a fine of $1,000. DHCR’s imposition of a $3,000 penalty instead of a $1,000 penalty (for four violations of the order, at $250 per violation) therefore contravened the statute, which the agency is without authority to do.
Statutes authorizing escalating penalties are created not to generate income but to compel prompt performance of a duty. The conduct of DHCR in this case failed to further that purpose. While ordering petitioner to make repairs within 30 days of the initial order, DHCR failed for nearly three years to schedule the hearing required by statute before the first offense could be found and additional penalties thereafter sought. Only by adhering to the statutory procedure could DHCR seek additional penalties for petitioner’s continuing failure to make the repairs.
*885 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order, insofar as appealed from, affirmed, with costs, in a memorandum.